### AARONSON v. THE STATE.

For reasonable cause a juror whose name is on the list of forty-eight names served upon the prisoner may be discharged by the court.

On error to the Burlington Quarter Sessions.

Argued at June Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the plaintiff in error, *Gilbert & Atkinson.*

For the defendant, *Eckard P. Budd.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The plaintiff in error was indicted and convicted of the crime of forgery, and was duly sentenced thereupon.   This judgment and proceedings are now before this court on writ of error.

The record and bill of exceptions present but a single alleged error which it is necessary to notice; that is to say, whether the court had authority to excuse certain jurors who asked to be excused after they had been called into the box, their names being among the forty-eight names on the list served upon the prisoner according to the statute.   The ground of the court's action was that the jurors thus dispensed with were election officers, and on the next day it was their duty to meet and make out the registry list.   The proposition of the counsel of the defendant now is that it was error in the court at the trial to discharge from service these jurors at their own request and for good cause.   There is no judicial authority upon the point, but we deem there is no reasonable ground for the rule as claimed.

In the case of *Patterson* v. *State,* 19 *Vroom* 381, it was decided by this court that for good cause shown the trial court, in a criminal case, had the power to discharge jurors

who composed part of the general panel. From this it would seem to follow that the same judicial prerogative exists with respect to the special panel composed of forty-eight persons, a list of whose names is required to be served upon the prisoner. There seems to be no reason why the procedure touching the general list and that touching the special list should not stand on the same footing. If one or more of the persons on the general list can be discharged from service, why not one or more be similarly discharged from the special list?

It has not been denied, and indeed it could not reasonably be denied, that in case of the disqualification of a juror by reason of sickness, his discharge would be legal; nor has it been insisted that in order to validate the procedure, all the forty-eight jurors must answer to their names when called. No reason has been suggested why the same result should not obtain when other sufficient excuses are presented. It is admitted that the services of a juror could lawfully be dispensed with from the circumstance of his own sickness; why, then, should he be detained in court in case his wife or child be at the point of death? There seems to be no other practicable rule except the general one, that in all cases in which a juror shows a reasonable ground for his discharge, such discharge can be legitimately sanctioned.

Nor do we think there is any substance in the suggestion that the power thus conceded will be liable to be abused, for it is certain that the court cannot arbitrarily and of its own motion excuse any of these jurors from serving in the given case; for if no ground for the dispensation existed, the judicial action would be erroneous and could be reviewed by means of a writ of error.

In the present instance, the ground of discharge was plenary, for, unless it had been ordered, the public would have suffered an inconvenience.

Let the judgment be affirmed.